THE PEOPLE *ex rel.* S. D. Burton, County Collector, Appellee, *vs.* THE WABASH RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1915—Rehearing denied Feb. 3, 1916.*

1. TAXES—*judgment for a railroad company's road and bridge tax should be limited to railroad track in the town.* A judgment for the road and bridge taxes assessed against a railroad company should be against properly described property of the railroad company embraced in the designation of railroad track and situated in the town, and should not be against all the property of the company in the town.

2. SAME—*when a judgment is sufficient for purpose of county tax.* A judgment for taxes assessed against a railroad company is sufficient, so far as the county tax is concerned, if the description is in the language of section 42 of the Revenue act and is clear enough to identify the railroad track of the company in the county.

3. The other questions involved are controlled by the decision in *People* v. *Illinois Central Railroad Co.* (*ante,* p. 236.)

APPEAL from the County Court of Moultrie county; the Hon. J. T. GRIDER, Judge, presiding.

E. J. MILLER, (N. S. BROWN, and J. L. MINNIS, of counsel,) for appellant.

J. K. MARTIN, State's Attorney, (J. L. McLAUGHLIN, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal involves the validity of the same taxes involved in the case of *People* v. *Illinois Central Railroad Co.* (*ante,* p. 236.)

In its objections the appellant states that the item of $10,000 in the county tax is excessive. The evidence shows that $4000 was required to pay the salaries of county officers for which the county was liable. No evidence was introduced as to the probable amount of fees to be earned by any county officer for services rendered the county or the probable deficiency in the fees earned and collected by

any officer to pay his salary, and the levy was therefore not shown to be excessive.

A further objection is made in this case that the description of the property against which the judgment was rendered is so indefinite that it could not be located and the judgment is therefore void. The property is described in the proceedings in accordance with the provision of section 42 of chapter 120 of the Revised Statutes, as "a strip of land extending on each side of said railroad track and embracing the same, together with all the stations and improvements thereon, commencing at the point where said railroad track crosses the northern boundary line of Moultrie county in entering said county and extending to the point where said track crosses the southern boundary line of said county in leaving the same, containing in right of way one hundred and eighty and ninety-one hundredths acres. Length of main track in feet, 119,293; length of side-track in feet, 12,382." This statutory description was sufficient to identify the railroad track of the appellant in Moultrie county, and so far as the county tax is concerned the judgment against it is sufficient.

The judgment for the road and bridge tax of the town of Sullivan is as follows: "It is further ordered by the court that judgment be, and the same is, hereby entered against the property of the Wabash Railroad Company located within the town of Sullivan for the sum of $748.98, being the taxes, penalties and costs due from said Wabash Railroad Company on the item of road and bridge taxes for the town of Sullivan, and it is ordered that the property of said Wabash Railroad Company be sold to satisfy the same." This judgment is erroneous, since it contains no description of the property to be sold. The judgment should be only against the railroad track of the appellant in the town of Sullivan and not against its property generally, which might include other property not embraced in the description of railroad track.

The judgment of the county court will be affirmed as to the county tax and reversed as to the road and bridge tax of the town of Sullivan and the cause will be remanded, with directions to the county court to render a judgment for the road and bridge tax of the town of Sullivan against the railroad track of the appellant in that town by a proper description.

*Reversed in part and remanded, with directions.*